**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **GARRY MCDANIEL,**<br>5251 Rialto Road<br>West Chester, OH 45069<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SMYRNA READY MIX CONCRETE, LLC**<br>1000 Hollingshead Circle<br>Murfreesboro, Tennessee 37129<br>**Also Serve:**<br>Northwest Registered Agent Service, Inc.<br>6545 Market Ave. North, Ste 100<br>North Canton, OH 44721<br><br>And<br><br>**ERROL QUESTELLES**<br>152 Ivy Hills Lane<br>Goodlettsville, TN 37072<br><br>**Defendants.** | : | **CASE NO. 1:26-cv-00132**<br><br>**JUDGE: SUSAN J. DLOTT**<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREIN)** |

---

Plaintiff Garry McDaniel ("Plaintiff") alleges the following in his First Amended Complaint upon his experience and personal knowledge of the events which took place on or about August 21, 2025, in West Chester, Butler County Ohio. Plaintiff has brought claims against Defendants Smyrna Ready Mix Concrete, LLC, ("SRM Concrete") and their employee Errol Questelles for damages arising out of the negligent actions of Errol Questelles on or about August 21, 2025.

## NATURE OF ACTION

This is an action for negligence in which liability is clear against Defendants SRM Concrete and Errol Questelles. The incident was recorded on video, occurring on or about August 21, 2025, at or near 5251 Rialto Road, West Chester, OH 45069 ("5251 Rialto Road"). Plaintiff has lived at 5251 Rialto Road since 1993, and the property has been within his family for his entire life. In 1998 an easement was granted over the property for the concrete plant located behind 5251 Rialto Road. Smyrna Ready Mix Concrete, LLC has been the sole user of the easement for the past several years. In the instant matter, Defendant Errol Questelles drives a large concrete truck through the easement for work. On the day of the incident, Errol Questelles moved Plaintiff's trash-can back several feet to cut the corner of the easement onto Plaintiff's property. Plaintiff moved the trash-can back to the original placement and exchanged words Errol Questelles. After the interaction, Errol Questelles proceeded to negligently and/or recklessly cut the corner of the easement and run over Plaintiff. As a result of the Defendants' negligent actions, Plaintiff sustained serious physical injuries. Plaintiff has demanded an amount in excess of $75,000 and Defendant's principal place of business is in a different state, giving this matter diversity jurisdiction in this Court.

## PARTIES JURISDICTION AND VENUE

1. Plaintiff Garry McDaniel resides at 5121 Rialto Road, West Chester, Ohio 45069, domiciled in Butler County, Ohio.

2. Defendant, Smyrna Ready Mix Concrete, LLC, is registered with the Federal Motor Carrier Safety Administration with the USDOT Number 1738904. Defendant, Smyrna Ready Mix Concrete, LLC, is a business entity organized and existing under the laws of the State of Tennessee with its principal place of business located at 1000 Hollingshead Circle, Murfreesboro, Tennessee 37129. Defendant, Smyrna Ready Mix Concrete, LLC, has designated Northwest Registered

Agent Service, Inc., 6565 Market Ave. North, Ste 100, North Canton, OH 44721, as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366.

3. Defendant Errol Questelles resides at 152 Ivy Hill Lane, Goodlettsville, Tennessee 37072 domiciled in Davidson County, Tennessee.

4. Defendant Smyrna Ready Mix Concrete, LLC, is licensed to operate under the laws of Ohio, Defendant Errol Questelles was in the course and scope of his employment with Smyrna Ready Mix Concrete, LLC, at the time of the incident.

5. The conduct that gave rise to the allegations in this Complaint occurred in Butler County, Ohio.

6. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, providing original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs and is between citizens of different states.

7. This Court has personal jurisdiction over the Defendants due to the Defendants operating a tractor-trailer in Ohio, conducting business in Ohio, and causing the subject accident and resulting injuries in Ohio.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and § 1391 (c) because a substantial part of the events giving rise to the claim occurred Butler County, Ohio, which is within the judicial district of this Court.

## BACKGROUND FACTS

9. Plaintiff hereby incorporates the preceding paragraphs as if fully rewritten herein.

10. On or about August 21, 2025, Plaintiff Garry McDaniel resided at 5121 Rialto Road, West Chester, Ohio 45069.

11. On or about August 21, 2025, Defendant Errol Questelles (hereinafter "Defendant Questelles") was in the course and scope of his employment for Smyrna Ready Mix Concrete, LLC ("Smyrna Ready Mix Concrete, LLC") operating a large concrete truck at or near 5121 Rialto Road, West Chester, Ohio 45069.

12. On or about August 21, 2025, Defendant Questelles was leaving the concrete plant at or around 3:10 p.m.

13. While leaving the concrete plant, Defendant Errol Questelles stopped his truck and moved Garry McDaniel's trash-can back several feet to cut the corner of the easement at 5121 Rialto Road, West Chester, Ohio.

14. Following Defendant Errol Questelles moving the trash-can, Plaintiff walked over and moved his trash-can back to the original spot he left it at on his property.

15. Plaintiff then approached the Defendant's large concrete truck, and exchanges words with Defendant Errol Questelles.

16. Defendant Errol Questelles responded by spitting on the ground in front of Garry McDaniel.

17. Defendant Errol Questelles then pulled a gun on Garry McDaniel, and Defendant held the gun behind his back before getting in his truck to leave.

18. Once Defendant Errol Questelles was back in his truck, Garry McDaniel walked over to his trash can to make sure Defendant Questelles does not strike it with his truck when leaving.

19. However, upon leaving the concrete plaint, Defendant Errol Questelles failed to yield the right of way and unlawfully cut off another truck.

20. At the same time of failing to yield to the right of way, Defendant Errol Questelles negligently and/or recklessly cut the corner of Garry McDaniel's property, striking the trashcan and Garry McDaniel.

21. Garry McDaniel and the trashcan were dragged underneath Defendant Errol Questelles truck and were pulled down the roadway.

22. Upon information and belief, the truck that had the right of way followed Defendant Errol Questelles's truck after he struck Garry McDaniel and began honking his horn in an effort to alert Defendant Errol Questelles to stop.

23. Defendant Errol Questelles eventually stopped his truck down the road, but only to remove the trash can underneath his truck.

24. Garry McDaniel made eye contact with Defendant Errol Questelles when he got out to remove the trash can from underneath his truck. However, Defendant Errol Questelles immediately got back in his truck and continued driving down the roadway, leaving the scene and failing to contact emergency services.

25. As a result of the Defendant's negligent actions, Plaintiff suffered serious physical injuries from the impact and dragging of Plaintiff's body underneath the truck.

26. Plaintiff suffered an open fracture and dislocation of the first metacarpophalangeal joint, Comminuted fractures of the distal proximal phalanges of the right thumb, Torn and avulsed ulnar collateral ligament, soft tissue wounds with dirt, debris, and gas in the soft tissue, and laceration of the volar aspect of the thumb extending to the MCP region.

27. Due to the severity of his injuries, Plaintiff Garry McDaniel was forced to undergo several surgeries including: open reduction and internal fixation of the right MCP joint, closed

reduction and percutaneous pinning of the right thumb interphalangeal, reconstruction of the ulnar collateral ligament, irrigation and debridement of skin and subcutaneous tissue.

**FIRST CAUSE OF ACTION**

*Negligence of Defendant Errol Questelles*

28. All allegations and causes of action are incorporated into the cause of action by reference as if fully rewritten.

29. Defendant, Errol Questelles, had a duty to drive his vehicle in a safe and reasonable manner, to obey all traffic laws, obey all traffic devices, and to act as a reasonably prudent driver would under the same or similar circumstances.

30. On or about August 21, 2025, Defendant, Errol Questelles, failed in the above-mentioned duties and was therefore negligent.

31. As a direct and proximate result of Defendant Errol Questelles's negligence, Plaintiff, Garry McDaniel, has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; has suffered damages for the lost enjoyment of life and lost the ability to perform usual activities, resulting in a diminished quality of life and loss of enjoyment of life as well.

**SECOND CAUSE OF ACTION**

*Statutory Violations of Defendant Errol Questelles*

32. All allegations and causes of action above are incorporated into this cause of action by reference as if fully rewritten.

33. Defendant, Errol Questelles, violated state and federal statutes and regulations, including but not limited to:

(a) Failing to maintain reasonable control of Defendants' vehicle, in violation of R.C. 4511.202;

(b) failing to keep a proper lookout;

(c) driving carelessly;

(d) driving the Defendants' vehicle while distracted;

(e) exceeding hours of service limitations, in violation of 49 CFR 395.1(g); and

(f) other acts and omissions, as enumerated in 49 C.F.R. §§ 350-399, and O.A.C. 4901:2-5-02 through 4901:2-5-08.

34. Defendant, Errol Questelles's, statutory violations directly and proximately caused Plaintiff, Garry McDaniel's, damages and injuries.

35. Defendant, Errol Questelles, is negligent *per se* based on these statutory and regulatory violations.

36. As a direct and proximate result of Defendant Errol Questelles's negligence, Plaintiff, Garry McDaniel, has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; has suffered damages for the lost enjoyment of life and lost the ability to perform usual activities, resulting in a diminished quality of life and loss of enjoyment of life as well.

**THIRD CAUSE OF ACTION**

*Claim for Punitive Damages against Defendant Errol Questelles*

37. All allegations and causes of action above are incorporated into this cause of action by reference as if fully rewritten.

38. Defendant, Errol Questelles's, actions demonstrate a conscious disregard for the rights and safety of Plaintiff, Garry McDaniel, and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of his conduct, and knowing there was a great probability of causing substantial harm.

39. Accordingly, Plaintiff, Garry McDaniel, demands punitive damages against Defendant, Errol Questelles.

**FOURTH CAUSE OF ACTION**

*Vicarious Liability of Defendant Smyrna Ready Mix Concrete, LLC*

40. All allegations and causes of action above are incorporated into this cause of action by reference as if fully rewritten.

41. At all relevant times, Defendant, Errol Questelles, was the employee, agent, servant, or independent contractor for Defendant, SRM Concrete. Accordingly, Defendant, SRM Concrete, is vicariously liable for the acts of Defendant, Errol Questelles, described in the causes of action above.

42. Regardless of the employment or agency relationship, Defendant, SRM Concrete, is an interstate motor carrier responsible for the acts of the Defendant, Errol Questelles.

**FIFTH CAUSE OF ACTION**

*Strict Liability of Defendant Smyrna Ready Mix Concrete, LLC*

43. All allegations and causes of action above are incorporated into this cause of action by reference as if fully rewritten.

44. Defendant, SRM Concrete, is the registered owner of the USDOT number 1738904 displayed on Defendants' vehicle involved in this collision and is therefore responsible for the acts of Defendant, Errol Questelles.

**SIXTH CAUSE OF ACTION**

*Negligence of Defendant Smyrna Ready Mix Concrete, LLC*

45. All allegations and causes of action above are incorporated into this cause of action by reference as if fully rewritten.

46. Defendant, SRM Concrete, had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant, Errol Questelles, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

47. Defendant SRM Concrete had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

48. Defendant, SRM Concrete, failed in the above-mentioned duties and was therefore negligent.

49. Defendant, SRM Concrete's, negligence was the direct and proximate cause of Plaintiff, Garry McDaniel's, injuries and the damages described in this Complaint.

**SEVENTH CAUSE OF ACTION**

*Statutory Violations of Defendant Smyrna Ready Mix Concrete, LLC*

50. All allegations and causes of action above are incorporated into this cause of action by reference as if fully rewritten.

51. Defendant, SRM Concrete, violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and O.A.C. 4901:2-5-02 through 4901:2-5-08. These regulations were promulgated to protect the safety of a class of people that includes Plaintiff. Specifically, Defendant, SRM Concrete, breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

(a) Failing to verify and ensure that Defendant, Errol Questelles, operated Defendants' vehicle in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles, in violation of 49 C.F.R. §392.1;

(b) Failing to properly train and instruct Defendant, Errol Questelles, and its drivers on defensive driving, safe driving, and proper lookout, in violation of 49 C.F.R. §383.111;

(c) Failing to properly supervise Defendant, Errol Questelles, and identify dangerous routes and driving behavior that could have been corrected to avoid this crash; and

(d) Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles, thus creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including Plaintiff.

52. Defendant, SRM Concrete's, statutory violations directly and proximately caused Plaintiff's, damages, and injuries.

53. Defendant, SRM Concrete, is negligent *per se* based on these statutory and regulatory violations.

**WHEREFORE**, Plaintiff, Garry McDaniel, respectfully requests judgment in his favor against all Defendants, in an amount that is just and fair and in excess of Seventy-Five Thousand Dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, attorney's fees, costs, and other relief that this Honorable Court deems just under the circumstances.

Respectfully Submitted,

**RITTGERS RITTGERS & NAKAJIMA**

Charlie M. Rittgers (0086567)
Wesley M. Nakajima (0084563)
Jonathan E. Specht (0105244)
3734 Eastern Avenue
Cincinnati, OH 45226
Phone: (513) 932-7375
Fax: (513) 982-8074
Email: Matt@Rittgers.com
Charlie@Rittgers.com
Jack@Rittgers.com
**Attorney for Plaintiff**

**JURY DEMAND**

Plaintiff requests that a jury be impaneled to hear the within cause.

Charlie M. Rittgers (0086567)